SUMMARY ORDER

Tian Ming Huang, a native and citizen of the People’s Republic of China, seeks review of an February 25, 2008 order of the BIA, affirming the April 28, 2006 decision of Immigration Judge (“IJ”) Paul A. De-Fonzo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Tian Ming Huang, No. A95 709 990 (B.I.A. Feb. 25, 2008), aff'g No. A95 709 990 (Immig. Ct. N.Y. City Apr. 28, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements it, we review the IJ’s decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the agency did not err in finding that Huang had not demonstrated eligibility for asylum or withholding of removal. Huang failed to show that at least one “central reason” for any persecution he suffered was “on account of’ his political opinion, i.e., his opposition to China’s coercive population control policy. See 8 U.S.C. § 1158(b)(1)(B)®; Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005) (an “applicant must also show, through direct or circumstantial evidence, *724 that the persecutor’s motive to persecute arises from the applicant’s political belief”). Indeed, it appears that the “central reason” he and his family suffered mistreatment was that he, at the age of 21, impregnated and absconded with his Village Chiefs 18-year old daughter, and the Village Chief pursued Huang as a disapproving father, not on account of Huang’s political opinion. In addition, Huang was not eligible for relief based on his girlfriend’s forced abortion, and Huang had not engaged in “other resistance” to China’s coercive population control policy. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 308-10 (2d Cir.2007). Because Huang failed to show persecution on account of his political opinion, the agency did not err in denying Huang asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006) (withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).
With regard to Huang’s claim for CAT relief, the agency properly concluded that Huang failed to show that he will more likely than not suffer torture upon return to China. See 8 C.F.R. § 208.16(c)(2).
For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).